**Adolf PAKASI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74948.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 16, 2008.

Ali Taheripour, Law Offices of MgDesyan & Taheripour, Sherman Oaks, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq.,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joanne E. Johnson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Adolf Pakasi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Pakasi's motion to reopen, because Pakasi did not demonstrate prima facie eligibility for asylum and withholding of removal. *See Lolong v. Gonzales,* 484 F.3d 1173, 1181 (9th Cir.2007); *Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869–70 (9th Cir.2003) ("prima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen").

Pakasi's contention that he faces persecution as a member of a disfavored group of Indonesian Christians and Muslims in mixed marriages and his contention that he is eligible for relief under the Convention against Torture were not raised before the BIA. Accordingly, we lack jurisdiction to review these contentions. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

